# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

|  |  |
|---|---|
| ) | |
| **SECURA INSURANCE, A Mutual Company** ) | |
| ) | |
| **Plaintiff** ) | |
| **v.** ) | |
| ) | |
| **TFGBAR, LLC** ) | |
| ) | |
| **Serve:** Registered Agent ) | |
| A. Holland Houston ) | |
| 101 North Seventh Street ) | |
| Louisville, Kentucky 40202 ) | |
| **and** ) | |
| ) | |
| **TIM FAULKNER** ) | |
| ) | |
| **Serve:** Tim Faulkner ) | |
| 1512 Portland Avenue ) | |
| Louisville, Kentucky 40203 ) | |
| **and** ) | |
| ) | **CIVIL ACTION NO.:** __3:18-cv-313-RGJ__ |
| **MARGARET ARCHAMBAULT** ) | |
| ) | |
| **Serve:** Margaret Archambault ) | |
| 1512 Portland Avenue ) | |
| Louisville, Kentucky 40203 ) | |
| **and** ) | |
| ) | |
| **F.A.O. ENTERTAINMENT LLC** ) | |
| ) | |
| **Serve:** Registered Agent ) | |
| United States Corporation Agents, Inc. ) | |
| 9000 Corporate Campus Dr., Ste. 3000 ) | |
| Louisville, Kentucky 40223 ) | |
| **and** ) | |
| ) | |
| **ANTHONY ASHBY** ) | |
| ) | |
| **Serve:** Anthony Ashby ) | |
| 5500 Lodema Way, Apartment 3 ) | |
| Louisville, Kentucky 40219 ) | |
| **and** ) | |

**ALLEN HUDSON**                    )
                                   )
**Serve:**   Allen Hudson           )
            2011 Bashford Manor Lane )
            Louisville, Kentucky 40218 )
**and**                             )
                                   )
**DATHON MARTIN**                   )
                                   )
**Serve:**   Dathon Martin          )
            168 Beechwood Avenue    )
            Shepherdsville, Kentucky 40165 )
**and**                             )
                                   )
**DEMETRIOUS ASHBY**                )
                                   )
**Serve:**   Demetrious Ashby       )
            5200 Marty Lane, Apartment 203 )
            Louisville, Kentucky 40219 )
**and**                             )
                                   )
**KEVIN HENRY**                     )
                                   )
**Serve:**   Kevin Henry            )
            1601 South 36th Street  )
            Louisville, Kentucky 40211 )
**and**                             )
                                   )
**TERRELL MICHAEL TRAMELL**         )
                                   )
**Serve:**   Terrell Michael Tramell )
            4519 Hazelwood Avenue, #12 )
            Louisville, Kentucky 40217 )
**and**                             )
                                   )
**ESTATE OF SAVANNAH WALKER**       )
                                   )
**Serve:**   Dean Walker            )
            3207 Trail Ridge Road   )
            Louisville, Kentucky 40241 )
**and**                             )
                                   )
                                   )
                                   )
                                   )
                                   )
                                   )

2

| | |
|---|---|
| **LILY DEAN** | ) |
| | ) |
| **Serve:**   Lily Dean | ) |
| 5704 Indian Rock Road | ) |
| Louisville, Kentucky 40219 | ) |
| **and** | ) |
| | ) |
| **JOCELYN WALKER** | ) |
| | ) |
| **Serve:**   Jocelyn Walker | ) |
| 10206 Riverstone Circle | ) |
| Louisville, Kentucky 40229 | ) |
| **and** | ) |
| | ) |
| **BRANDON WHITLOCK** | ) |
| | ) |
| **Serve:**   Brandon Whitlock | ) |
| 1704 Pikeview Court | ) |
| Louisville, Kentucky 40215 | ) |
| | ) |
| | ) |
| **Defendants** | ) |
| | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, SECURA Insurance, A Mutual Company ("SECURA"), by counsel, for its Complaint, states as follows:

## NATURE OF THE ACTION

1.      This is an action pursuant to 28 U.S.C. § 2201, *et seq.* and Rule 57 of the Federal Rules of Civil Procedure seeking a declaration that Policy Number 003257172, issued by SECURA (the "Policy"), is void and/or does not afford any insurance coverage for claims against TFGBAR, LLC ("TFGBAR") arising out of an incident that occurred on or about March 19, 2017, on the premises located at 1512 Portland Avenue, Louisville, Kentucky 40203, and resulted in the death of Savannah Walker and injury to Kevin Henry, Terrell Michael Tramell, Lily Dean, Jocelyn Walker, and Brandon Whitlock (the "Incident").

## THE PARTIES

2.     Plaintiff SECURA is a Wisconsin corporation with its principal place of business in Appleton, Wisconsin. For purposes of 28 U.S.C. § 1332, SECURA is a citizen of Wisconsin.

3.     TFGBAR is a Kentucky limited liability company with its principal office located at 1512 Portland Avenue, Louisville, Kentucky 40203, and may be served through its registered agent, A. Holland Houston, at 101 North Seventh Street, Louisville, Kentucky 40202. For purposes of 28 U.S.C. § 1332, TFGBAR is a citizen of Kentucky.

4.     Tim Faulkner is member of TFGBAR.  He is a citizen of the Commonwealth of Kentucky and, upon information and belief, resides at 1512 Portland Avenue, Louisville, Kentucky 40203.

5.     Margaret Archambault is member of TFGBAR.  She is a citizen of the Commonwealth of Kentucky and, upon information and belief, resides at 1512 Portland Avenue, Louisville, Kentucky 40203.

6.     F.A.O. Entertainment LLC ("F.A.O. Entertainment) was a Kentucky limited liability with its principal place of business located at 5500 Lodema Way #3, Louisville, Kentucky 40219. F.A.O. Entertainment was administratively dissolved on September 12, 2015, but upon information and belief continued to do business in the Commonwealth of Kentucky. For purposes of 28 U.S.C. § 1332, F.A.O. Entertainment is a citizen of Kentucky.

7.     Upon information and belief, Anthony Ashby is an owner, principal, operator and/or manager of F.A.O. Entertainment. He is a citizen of the Commonwealth of Kentucky and resides at 5500 Lodema Way, Apartment 3, Louisville, Kentucky 40219.

8.      Upon information and belief, Allen Hudson is an owner, principal, operator and/or manager of F.A.O. Entertainment. He is a citizen of the Commonwealth of Kentucky and resides at 2011 Bashford Manor Lane, Louisville, Kentucky 40218.

9.      Upon information and belief, Dathon Martin is an owner, principal, operator and/or manager of F.A.O. Entertainment. He is a citizen of the Commonwealth of Kentucky and resides at 168 Beechwood Avenue, Sheperdsville, Kentucky 40165.

10.     Upon information and belief, Demetrious Ashby is an owner, principal, operator and/or manager of F.A.O. Entertainment. He is a citizen of the Commonwealth of Kentucky and resides at 5200 Marty Lane, Apartment 203, Louisville, Kentucky 40219.

11.     Kevin Henry is a citizen of the Commonwealth of Kentucky and, upon information and belief, resides at 1601 South 36th Street, Louisville, Kentucky 40211.

12.     Terrell Michael Tramell is a citizen of the Commonwealth of Kentucky and, upon information and belief, resides at 4519 Hazelwood Avenue, #12, Louisville, Kentucky 40217.

13.     Dean Walker is the qualified and duly appointed Administrator of the Estate of Savannah Walker, deceased, appointed by the Jefferson County Probate Court on November 2, 2017. Savannah Walker was a citizen of the Commonwealth of Kentucky. Dean Walker is a citizen of the Commonwealth of Kentucky and resides at 3207 Trail Ridge Road, Louisville, Kentucky 40241.

14.     Lily Dean is a citizen of the Commonwealth of Kentucky and resides at 5704 Indian Rock Road, Louisville, Kentucky 40219.

15.     Jocelyn Walker is a citizen of the Commonwealth of Kentucky and, upon information and belief, resides at 10206 Riverstone Circle, Louisville, Kentucky 40229.

16.     Brandon Whitlock is a citizen of the Commonwealth of Kentucky and, upon information and belief, resides at 1704 Pikeview Court, Louisville, Kentucky 40215.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 2201, *et seq.* and Rule 57 of the Federal Rules of Civil Procedure.

18.     An actual, justiciable controversy exists regarding the existence and scope of insurance coverage, if any, available under the Policy for the claims asserted against TFGBAR arising out of the Incident.

19.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens of different states.

20.     Pursuant to 28 U.S.C. § 1391, venue is proper.

## FACTUAL BACKGROUND

A.     **The Insurance Policy**

21.     SECURA issued TFGBAR the Policy, which is a commercial general liability coverage policy, which incepted on August 19, 2016. The Policy provides certain coverage to TFGBAR, subject to its terms, limits, conditions and exclusions.  A complete and accurate copy of the Policy is attached hereto as **Exhibit A.**  The Policy has Commercial General Liability limits of $1,000,000.00 per occurrence. The policy further contains Liquor Liability coverage with an aggregate and common cause limit of $1,000,000.00. The Policy was cancelled effective June 14, 2017 due to non-payment of premium.

22.     The Policy provides certain Commercial General Liability Coverage to TFGBAR, pursuant to the following insuring agreement, in relevant part:

    **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" to which this insurance does not apply.  We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result….

*See* **Exhibit A**., CG 0001 1001, Commercial General Liability Coverage Form, § I(1)(a).

23.    The Commercial General Liability Coverage Form contains the following exclusions:

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

*See* **Exhibit A**, CG 0001 1001, Commercial General Liability Coverage Form, § I(2)(a).

24.    Section IV – Commercial General Liability Conditions, provides in pertinent part:

**6. Representations**

By accepting this policy, you agree:

a. The statements in the Declarations are accurate and complete;
b. Those statements are based upon representations made to us; and
c. We have issued this policy in reliance upon your representations.

*See* **Exhibit A**, Commercial General Liability Coverage Form (CG 0001 1001), § IV(6).

25.    The Policy includes a Liquor Liability Coverage Form (CG 0033 1001) which states:

**SECTION 1 – LIQUOR LIABILITY COVERAGE**

**1.  Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply…

*See* **Exhibit A**, Liquor Liability Coverage Form (CG 0033 1001), § I(1)(a).

26.    The Liquor Liability Coverage Form contains the following exclusions:

**2. Exclusions**

 This insurance does not apply to:

 **a.  Expected Or Intended Injury**

"Injury" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**. . .**

**d.  Liquor License Not In Effect**

"Injury" arising out of any alcoholic beverage sold, served or furnished while any required license is suspended or after such license expires, is cancelled or revoked.

*See* **Exhibit A**, Liquor Liability Coverage Form (CG 0033 1001), § I(2)(a) & (d).

27.    Section IV – Liquor Liability Conditions, provides in pertinent part:

**SECTION IV – LIQUOR LIABILITY CONDITIONS**

**6. Representations**

By accepting this policy, you agree:

**a**. The statements in the Declarations are accurate and complete;
**b**. Those statements are made based upon representations you made to us; and
**c**. We have issued this policy in reliance upon your representations.

*See* Exhibit A, Liquor Liability Coverage Form (CG 0033 1001), § IV(6)(a)-(c).

28.     The following definition applies to the Liquor Liability Coverage Form:

**SECTION V – DEFINITIONS**

**5.** "Injury" means all damages, including damages because of "bodily injury" and "property damage", and including damages for care, loss of services or loss of support.

*See* **Exhibit A**, Liquor Liability Coverage Form (CG 0033 1001), § V(5).

29.     The Policy includes a Punitive Damages Exclusion (ILE 0197 9910), which amends the Commercial General Liability Form and states: "This insurance does not apply to liability for punitive or exemplary damages awarded against an insured." *See* **Exhibit A**, Punitive Damages Exclusion (ILE 0197 9910).

30.     The Policy contains a General Liability Wrap (CGT 1000 1001) endorsement which modifies the Commercial General Liability Coverage Form, as follows:

**K. BODILY INJURY REDEFINED**

The definition of "Bodily Injury" in SECTION V – DEFINITIONS is replaced by the following:

"Bodily injury" means bodily injury, sickness, or disease sustained by a person, including mental anguish, mental injury, shock, fright or death resulting from any of these at any time.

**L. UNINTENTIONAL FAILURE TO DISCLOSE**

Any unintentional error or omission in the description of, or failure to completely describe, any premises or operations intended to be covered by this Commercial General Liability Coverage Form will not invalidate or affect coverage for those premises or operations. However, you must report such error or omissions to us as soon as practicable after its discovery.

All other terms and conditions of this policy not in conflict with the terms and conditions of this Endorsement shall continue to apply.

*See* **Exhibit A**, General Liability Wrap (CGT 1000 1001), §I(K)-(L).

31.     The Policy also contains the endorsement Exclusion – Assault or Battery (SGE 2104 1001) which modifies both the Commercial General Liability Form and the Liquor Liability Coverage Form:

**Exclusions**

**Assault or Battery**

We have no duty to defend or indemnify any insured, employee or any other person against any claim or "suit" for "bodily injury", "property damage", "personal injury" and "advertising injury" or medical expenses, including claims or suits for "negligence" arising out of or related to any:

(1) Assault:
(2) Battery;
(3) Harmful or offensive contact; or
(4) Threat.

This Exclusion applies regardless of fault or intent.  Coverage is also excluded for any injury or damage committed while using reasonable force or acting in self-defense.

Definitions is amended to add:

"Negligence" includes but is not limited to claims for negligent:

a. Hiring;
b. Employment;
c. Training;
d. Supervision; or
e. Retention.

All other terms and conditions of this policy not in conflict with the terms and conditions of this Endorsement shall continue to apply.

*See* **Exhibit A**, Exclusion – Assault or Battery (SGE 2104 1001).

32.     SECURA's Special Event Liability Eligibility underwriting guidelines delineate ineligible risks, including venues which host rap, hip-hop, or heavy metal concerts, among other things. It is SECURA's policy not to provide coverage to potential insureds who host events which

are deemed ineligible risks. *See* Special Events Liability – Eligibility for Coverage, attached as **Exhibit B**.

33.     As part of the underwriting process to effectuate a policy, SECURA requires that applicants seeking insurance for an entertainment venue complete a Theatrical Companies and Entertainers Questionnaire (the "Questionnaire"). The Questionnaire includes a portion that asks the applicant to identify and describe the types of events hosted in the applicant's venue. If the response(s) alert SECURA to any ineligible risk(s), it is SECURA's policy to not bind coverage. *See* Theatrical Companies and Entertainers Questionnaire completed by TFGBAR, attached as **Exhibit C**.

34.     As part of its application with SECURA, TFGBAR was required to complete the Questionnaire. In its responses to the Questionnaire, TFGBAR represented that the only types of entertainment its venue hosts are "jazz bands, indie music, puppet shows, and poetry readings." The Questionnaire was signed by Tim Faulkner on August 19, 2016. *See* **Exhibit C**.

35.     SECURA received the new business application to provide coverage to TFGBAR on August 18, 2016 with a request to provide a quote and bind coverage effective the next day. Based upon the representations made by TFGBAR in the application materials, SECURA bound coverage effective August 19, 2016.

36.     On March 18 and 19, 2017, TFGBAR served as a venue for a hip-hop show featuring A Boogie and Kyyngg. At the event, a shooting occurred which killed a 20 year old University of Louisville student, Savannah Walker, and allegedly injured Kevin Henry, Terrell Michael Tramell, Lily Dean, Jocelyn Walker, and Brandon Whitlock, as well as several others.

37.     SECURA was not aware that TFGBAR hosted several rap, hip-hop, and heavy metal concerts until after the March 18 or March 19, 2017 incident occurred and the claim was tendered.

38.     In Kentucky, the failure to disclose information material to the insurer's decision whether or not to bind coverage makes the policy voidable. *See* KRS 304.14-110 (authorizing an insurer "to void the policy due to the insured's misrepresentations, omissions, or incorrect statements that are either (1) fraudulent or (2) material or (3) would have, if disclosed, led the insurer to decline to issue the policy or to issue the policy at a higher premium.").

**B.     The Underlying Lawsuits**

39.     On or about September 1, 2017, Kevin Henry and Terrell Michael Trammell commenced an action in Jefferson Circuit Court against TFGBAR, Tim Faulkner, and Margaret Archambault, for their injuries sustained in the Incident, Civil Action No. 16-CI-00654 (the "Underlying Henry Action").   A complete and accurate copy of the Complaint filed in the Underlying Henry Action is attached hereto as **Exhibit D.**

40.     The Complaint in the Underlying Henry Action alleges that on or about March 18, 2017, Kevin Henry and Terrell Michael Tramell were shot and received serious injuries resulting in medical bills, pain and suffering and impairment in ability to labor and earn money as a result of the acts and omissions of TFGBAR, Tim Faulkner, and Margaret Archambault.  *See* **Ex. D** at ¶ 9.

41.     The Complaint in the Underlying Henry Action further alleges that TFGBAR, Tim Faulkner, and Margaret Archambault operated the entertainment venue illegally by (1) serving alcohol in violation of the law and/or in excess of the permitted liquor license for the premises and (2) failing to provide proper security, screening, or safety persons at the event while hosting the event. *See* **Ex. D** at ¶¶ 7-8.

42.     The Complaint in the Underlying Henry Action alleges that the conduct of TFGBAR, Tim Faulkner, and Margaret Archambault was negligent, and Kevin Henry and Terrell Michael Trammell are seeking punitive damages. *See* **Ex. D** at ¶¶ 13-27.

43.     On or about February 16, 2018, the Complaint in the Underlying Henry Action was amended to add as Defendants F.A.O. Entertainment, Anthony Asbhy, Allen Hudson, Dathon Martin, and Demetrious Ashby. A complete and accurate copy of the Amended Complaint filed in the Underlying Henry Action is attached hereto as **Exhibit E**.

44.     On or about January 31, 2018, the Estate of Savannah Walker, by and through the Administrator, Dean Walker, commenced an action in Jefferson Circuit Court against TFGBAR, Tim Faulkner, Margaret Archambault, F.A.O. Entertainment, Anthony Asbhy, Allen Hudson, Dathon Martin, and Demetrious Ashby (the "Walker Action Defendants") for the injuries sustained by Savannah Walker in the Incident, Civil Action No. 18-CI-000699 (the "Underlying Walker Action").  A complete and accurate copy of the Complaint filed in the Underlying Walker Action is attached hereto as **Exhibit F.**

45.     The Complaint in the Underlying Walker Action alleges that on or about March 18, 2017, Savannah Walker was shot and suffered serious injuries and death. *See* **Ex. F** at ¶ 22.

46.     The Complaint in the Underlying Walker Action alleges that, as a result of the acts and omissions of the Walker Action Defendants, (1) Savannah Walker suffered physical pain and mental anguish from her injuries prior to her death, (2) Savannah Walker's estate incurred medical, funeral and burial costs, and (3) Savannah Walker's estate was further damaged by reason of the destruction of her power to labor and earn. *See* **Ex. F** at ¶¶ 23-25.

47.     The Complaint in the Underlying Walker Action further alleges that TFGBAR, Tim Faulkner, and Margaret Archambault operated the entertainment venue illegally by (1) serving

alcohol in violation of the law and/or in excess of the permitted liquor license for the premises and (2) failing to provide proper security, screening, or safety persons at the event while hosting the event. *See* **Ex. F** at ¶¶ 15-19.

48.     The Complaint in the Underlying Walker Action further alleges that F.A.O. Entertainment, Anthony Ashby, Allen Hudson, Dathon Martin, and Demetrious Ashby promoted and hosted an event, which they knew or should have known would have a high likelihood for violence without proper planning, venue layout, security and training of persons on site. *See* **Ex. F** at ¶ 15-16, 20.

49.     The Complaint in the Underlying Walker Action alleges that the conduct of the Walker Action Defendants was negligent, and the Estate of Savannah Walker is seeking punitive damages. *See* **Ex. F** at ¶¶ 21-29.

50.     On or about February 21, 2018, Lily Dean filed an Intervening Complaint in the Underlying Walker Action, incorporating by reference all of the allegations contained in the Complaint filed by the Estate of Savannah Walker, and alleging claims against the Walker Action Defendants. A complete and accurate copy of the Intervening Complaint filed in the Underlying Walker Action is attached hereto as **Exhibit G**.

51.     The Intervening Complaint alleges that on or about March 18, 2017, Lily Dean was trampled by the crowd after gun shots were fired and received serious injuries resulting in medical expenses, lost wages, loss of use, pain, suffering, mental anguish, inconvenience, increased risk of future injury, increased insurance premiums, and permanent impairment of her power to labor and earn money as a result of the acts and omissions of the Walker Action Defendants. *See* **Ex. G** at ¶ 8, 17.

52.     The Intervening Complaint further alleges that the Walker Action Defendants' conduct was negligent, and Lily Dean is seeking punitive damages. *See* **Ex. G** at ¶ 18.

53.     On or about March 9, 2018, Jocelyn Walker and Brandon Whitlock commenced an action in Jefferson Circuit Court against TFGBAR, Tim Faulkner, Margaret Archambault, F.A.O. Entertainment, Anthony Asbhy, Allen Hudson, Dathon Martin, and Demetrious Ashby (the "Whitlock Action Defendants"), for their injuries sustained in the Incident, Civil Action No. 18-CI-001432 (the "Underlying Whitlock Action"). A complete and accurate copy of the Complaint filed in the Underlying Whitlock Action is attached hereto as **Exhibit H**.

54.     The Complaint in the Underlying Whitlock Action alleges that on or about March 18, 2017, Jocelyn Walker and Brandon Whitlock received severe and permanent injuries resulting in medical expenses, lost wages, permanent impairment of their power to labor and earn, and physical and mental pain and suffering as a result of the acts and omissions of the Whitlock Action Defendants. *See* **Ex. H** at ¶ 29.

55.     The Complaint in the Underlying Whitlock Action further alleges that the Whitlock Action Defendants (1) failed to properly screen individuals entering the premises, (2) failed to provide proper security and safety at the venue, and (3) allowed individuals carrying firearms to enter the premises. *See* **Ex. H** at ¶¶ 27-28.

56.     The Complaint in the Underlying Whitlock Action alleges that the Whitlock Action Defendants' conduct was negligent, and Jocelyn Walker and Brandon Whitlock are seeking punitive damages. *See* **Ex. H** at ¶¶ 32-48.

## COUNT I – DECLARATION THAT TFGBAR, LLC'S POLICY IS VOID BASED ON MISREPRESENTATIONS IN THE APPLICATION FOR INSURANCE

57.     SECURA incorporates by reference paragraphs 1-56 above as if fully set forth herein.

58.     SECURA will not offer or bind coverage to a venue that hosts events classified by SECURA as ineligible risks.

59.     Ineligible risks include rap, hip-hop and heavy metal concerts, among other things.

60.     TFGBAR omitted from its application the fact that it hosted rap, hip-hop, and heavy metal concerts, even though the Questionnaire specifically requested information about the types of entertainment events hosted by the venue.

61.     KRS 304.14-110 authorizes an insurer "to void the policy due to the insured's misrepresentations, omissions, or incorrect statements that are either (1) fraudulent or (2) material or (3) would have, if disclosed, led the insurer to decline to issue the policy or to issue the policy at a higher premium."

62.     The types of entertainment events hosted at the venue were material. Had TFGBAR disclosed that it served as a venue for rap, hip-hop, and heavy metal concerts, SECURA would not have offered or bound coverage due to these concerts being deemed ineligible risks under SECURA's underwriting guidelines.

63.     Consequently, pursuant to KRS 304.14-110, SECURA is entitled to a declaratory judgment that the Policy issued to TFGBAR is void from its inception and there is no coverage for any claims arising from the March 18 or 19, 2017 incident.

## COUNT II - DECLARATION THAT TFGBAR, LLC IS NOT ENTITLED TO COVERAGE UNDER THE POLICY FOR ANY CLAIMS ARISING FROM THE ACCIDENT

64.     SECURA incorporates by reference paragraphs 1-63 above as if fully set forth herein.

65.     The Policy contains numerous exclusions, conditions, and endorsements that limit coverage under the Policy for specific reasons.

66. The Policy expressly excludes coverage related to any Liquor Liability if the required license has been suspended, has expired, or is cancelled or revoked.

67. TFGBAR's alleged liability arises out of the purported sale of alcohol in violation of their license.

68. The Policy expressly excludes coverage for any injury for negligence arising out of assault, battery, harmful or offensive contact, or threat. The exclusion applies regardless of fault or intent.

69. TFGBAR's alleged liability arises from negligence that was caused by an assault and battery as the result of a shooting on the premises that resulted from TFGBAR's allegedly negligent failure to provide appropriate security measures.

70. Further, the Policy does not apply to liability for punitive or exemplary damages for coverage trigged under the Commercial General Liability Coverage.

71. All of the actions filed in response to the March 18 or 19, 2017 incident specifically request punitive damages from TFGBAR in the event it is found liable to the Plaintiffs in the Underlying Henry Action, the Underlying Walker Action, and the Underlying Whitlock Action.

72. Accordingly, pursuant to the express and unambiguous terms of the Policy, there is no insurance coverage available under the Policy for any of the claims or damages asserted in the Underlying Henry Action, the Underlying Walker Action, and the Underlying Whitlock Action.

73. Consequently, SECURA is entitled to a declaratory judgment that it owes no duty to defend or indemnify TFGBAR in the Underlying Henry Action, the Underlying Walker Action and the Underlying Whitlock Action, or for any claims or damages arising out of the March 18 or 19, 2017 incident.

74.   SECURA specifically reserves the right to rely on any further Policy defenses that are applicable.

**WHEREFORE**, Plaintiff, SECURA Insurance, a Mutual Company, respectfully requests the following:

1.      A declaration that the Policy is void based on TFGBAR's material omissions in its application for the Policy because SECURA would not have issued the Policy if it was aware that TFGBAR serves as a venue for rap, hip-hop, and heavy metal concerts.

2.      A declaration that SECURA has neither the duty to defend nor indemnify TFGBAR or any other person or entity in connection with the Underlying Henry Action, the Underlying Walker Action, and the Underlying Whitlock Action, or any other potential claimants relating to the March 18 or 19, 2017 incident because TFGBAR's alleged liability is excluded under the unambiguous terms of the Policy;

3.      For its costs herein expended; and

4.      For any and all other relief to which SECURA may appear entitled.

Respectfully Submitted,

/s/ Stephen P. McCallister
Douglas C. Ballantine
Stephen P. McCallister
STOLL KEENON OGDEN PLLC
500 West Jefferson
Suite 2000
Louisville, KY  40202
T: (502) 333-6000
F: (502) 333-6099
douglas.ballantine@skofirm.com
stephen.mccallister@skofirm.com

*Counsel for Plaintiff,*
*SECURA Insurance, A Mutual Company*

111312.158308/1534345.1

18