UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| SECURA INSURANCE, A Mutual Company | Plaintiff |
| v. | Civil Action No. 3:18-CV-00313-RGJ |
| TFGBAR, LLC, *ET AL*. | Defendants |

\* \* \* \* \*

# MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motions to Dismiss. [DE 8; DE 12; DE 19]. Briefing is complete, including briefing on supplemental law, and this matter is ripe. [DE 13; DE 14; DE 15; DE 23; DE 29; DE 30; DE 33]. For the reasons below, the Court declines to exercise its discretionary jurisdiction to entertain this declaratory judgment and will **GRANT** Defendants' Motions to Dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

TFGBAR, LLC ("TFGBAR") and F.A.O. Entertainment, LLC ("F.A.O.") hosted a musical event in Louisville. [DE 1-5 at 186, ¶ 13]. At that event, several individuals were injured, and one was killed, by gunfire. [*Id.* at 186, ¶ 14; DE 1-6 at 194, ¶ 22]. In various suits brought in Kentucky state courts, the injured individuals, as well as the deceased's estate (the "Kentucky Plaintiffs"), sued TFGBAR, F.A.O., and individuals associated with those entities (the "Kentucky Defendants"). The suits alleged that the Kentucky Defendants "knowingly operated or permitted to be operated an illegal entertainment venue which served alcohol in violation of law and or in excess of the permitted liquor license for the premises" and failed to "provide proper security, screening, or safety for persons present at their entertainment venue while hosing an event or rap

concert." [DE 1-4 at 178, ¶¶ 7–8; *see also* DE 1-5; DE 1-6; DE 1-7; DE 1-8]. The state court consolidated those suits into a single action (the "Kentucky suit"). [DE 11 at 325].

Secura Insurance ("Secura") then filed this complaint (the "Complaint"). Secura seeks a declaration that the general liability coverage policy it issued to TFGBAR (the "Policy") (1) is void "based on TFGBAR's material omissions in its application for the Policy"; and (2) Secura "has neither the duty to defend nor indemnify" the Kentucky Defendants in the Kentucky suit because the "alleged liability is excluded under the unambiguous terms of the Policy." [*Id.* at 18].

The Kentucky Defendants filed a third-party complaint in Kentucky state court against Secura, as well as their insurance agent and their insurance agency, joining those parties to the Kentucky suit. [DE 11-1]. The third-party complaint sought a declaration, under KRS 418.040, that Secura owes them a duty of defense and indemnification under the Policy. [*Id.* at 356–57, ¶¶ 49–53]. The Kentucky Defendants also assert that they had been misled about the extent of the coverage extended by the Policy. [*Id.* at 5–9, ¶¶ 17–32].

Secura brought a counterclaim against the Kentucky Plaintiffs and Kentucky Defendants. The counterclaim seeks a declaration that "the Policy is void based on misrepresentations in the application for insurance" and that the Kentucky Defendants "are not entitled to coverage under the policy for any claims arising from the accident" because "pursuant to the express and unambiguous terms of the Policy, the Policy does not potentially cover the claims [at issue in the Kentucky suit] and Secura therefore does not owe a defense or indemnity the [Kentucky Defendants]." [DE 19-4 at 742–4].

Several of the Kentucky Defendants have now moved to dismiss this complaint, and several of the Kentucky Plaintiffs moved to dismiss Plaintiff, Secura's Complaint for Declaratory Relief, which the Kentucky Plaintiffs renewed and supplemented (collectively, the "Motions to

Dismiss"). [DE 8; DE 12; DE 19]. The Motions to Dismiss assert that this Court should decline to exercise jurisdiction under the Declaratory Judgment Act; and that Secura failed to name indispensable parties that, once joined, would destroy diversity jurisdiction. [*See* DE 12-1 at 367–77]. The parties filed timely Responses [DE 13; DE 23] and Replies [DE 14; DE 15; DE 29]. Secura also filed supplemental authority in support of its position that the Court should exercise discretionary jurisdiction based on the Sixth Circuit's recent decision in *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386 (6th Cir. 2019).[1] [DE 30]. The Kentucky Plaintiffs filed a Response to Secura's supplemental authority. [DE 33].

## II. STANDARD

In reviewing a motion to dismiss, the court must take the allegations of the complaint as true and grant dismissal only when the plaintiffs can prove no set of facts entitling them to relief. *See Conley v. Gibson*, 355 U.S. 41 (1957). In ruling on whether to grant a Federal Rule of Civil Procedure 12(b)(7) motion to dismiss for failure to join indispensable parties, the Court may consider "the allegations of the complaint and the affidavits and other proofs adduced in contradiction or support thereof." *Boling v. Prospect Funding Holdings, LLC*, CIVIL ACTION NO. 1:14-CV-00081-GNS-HBB, 2015 WL 5680418, at *3 (W.D. Ky. Sept. 25, 2015) (quoting *Esters v. Shell Oil Co.*, 234 F.2d 847, 849 (5th Cir. 1956)).

## III. DISCUSSION

**A.     Standing**

To begin, Secura argues that the Kentucky Plaintiffs lack standing to move for dismissal because they are "only nominal defendants with no actual or recognizable stake in this litigation." [DE 23 at 932–33]. Even if Secura is correct, the issue is moot. The Kentucky Defendants have

---

[1] In *Cole's Place,* the Sixth Circuit granted an extension to file a petition for rehearing *en banc* until October 7, 2019.

also moved to dismiss for lack of jurisdiction, [DE 8; DE 11], and joined in the Kentucky Plaintiffs' Reply in support of the Kentucky Plaintiffs' Motion to Dismiss, [DE 15]. Additionally, courts may raise jurisdiction under the Declaratory Judgment Act *sua sponte*. *See Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266, 271 (6th Cir. 2007).

**B.**    **The Declaratory Judgment Act**

Under the Declaratory Judgment Act, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). While the Act authorizes district courts to exercise jurisdiction, it does not mandate or impose a duty to do so. *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004). The Act confers on the "federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). In general, courts should only exercise this discretionary jurisdiction when doing so would further the interests of justice or preserve the parties' resources. *Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp. 2d 779, 785 (E.D. Ky. 2008) (citing *Panhandle E. Pipe Line Co. v. Mich. Consol. Gas Co.*, 177 F.2d 942, 944 (6th Cir. 1949) ("A doctrine conditioning the exercise of discretion in granting a declaratory judgment that is to be derived from the cases, is that no declaration should be made unless it serves a useful, practical purpose.")).

This court considers five factors (the "*Grand Trunk* factors") to determine whether the exercise of Declaratory Judgment Act jurisdiction is appropriate:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W.R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984) (internal quotation marks omitted). Although the Court must balance the five factors, the Sixth Circuit has never clarified the relative weights of the factors. *Id.* at 563. Instead, "[t]he relative weight of the underlying considerations of efficiency, fairness, and federalism will depend on facts of the case." *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014).

> **1. Whether the declaratory action would settle the controversy and clarify the legal relations.**

The first two *Grand Trunk* factors assess "(1) whether the declaratory action would settle the controversy" and "(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue." *Grand Trunk*, 746 F.2d at 326. Because "it is almost always the case that if a declaratory judgment will settle the controversy, . . . it will clarify the legal relations in issue," the inquiries required by these two factors often overlap substantially. *Cole's Place,* 936 F.3d at 386 (citing *Flowers*, 513 F.3d at 557; *Bituminous*, 373 F.3d at 814; and *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003)).

"Confounding the analysis of these factors is the Sixth Circuit's acknowledgment that it has created two lines of cases which, at first blush, appear at odds." *United Specialty Ins. Co. v. Cole's Place, Inc.,* 2018 WL 1914731 at 4 (W.D. Ky. 2018) (citing *Flowers*, 513 F. 3d at 555). "One line of cases approved of declaratory actions because they can 'settle the insurance coverage controversy,' while a second line of cases disapproved of declaratory actions because while they 'might clarify the legal relationship between the insurer and the insured, they do not settle the ultimate controversy.'" *Id*. (quoting *Flowers*, 513 F.3d at 555).

5

The Sixth Circuit explained that this incongruence results from the "different factual scenarios" that each line of cases presents.[2] *Flowers*, 513 F.3d at 557. As to the first factor, one line of cases holds that a declaratory judgment on insurance coverage does "settle the controversy," because it resolves the dispute between the insurer and insured over who will pay for the state-court litigation. *See, e.g.*, *Hoey*, 773 F.3d at 760–61 (acknowledging the split but finding the district court did not abuse its discretion in finding the first factor supported exercising jurisdiction); *Flowers*, 513 F.3d at 556; *Northland*, 327 F.3d at 454; *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1066 (6th Cir. 1987), *abrogation on other grounds recognized by Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964 (6th Cir. 2000). In the first line of cases, "focusing just on the insurance controversy, a technical or legal issue is often at the heart of the coverage controversy, and to the extent the facts of the underlying case matter, they are undisputed." *Emplrs. Ins. Co. of Wausau v. Duro- Last Roofing, Inc.,* No. 11-10206-BC, 2011 WL 2119360, at *6 (E.D. Mich. Mat 27, 2011).

The second line of cases holds that a declaratory judgment on insurance coverage does not "settle the controversy," where resolving the coverage controversy would require resolution of facts that are disputed and at issue in the underlying case. *Cole's Place, Inc.,* 2018 WL 1914731 at 4 (citing *Emplrs. Ins.*, No. 11-10206-BC, 2011 WL 2119360, at *6). "In other words, a declaratory judgment is proper if it will only have to decide purely legal questions or engage in fact-finding that does not affect the parties in the underlying action." *Argonaut-Midwest Ins. Co. v. Johnson*, No. 3:14-CV-00395-TBR, 2014 WL 6804284, at *2 (W.D. Ky. Dec. 3, 2014) (citations and internal quotation marks omitted).

---

[2] Some courts have expressed doubt about the reconcilability of the Sixth Circuit cases. *See, e.g.*, *Grange Mut. Cas. Co.* 565 F. Supp. 2d. at 787.

The second line of cases hold that such a judgment does not "settle the controversy" between all relevant parties where, for instance, the state-court tort plaintiff has not been joined in the declaratory-judgment action. *See, e.g.*, *Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266, 272 (6th Cir. 2007); *Bituminous*, 373 F.3d at 813–14; *Omaha Prop. & Cas. Ins. Co. v. Johnson*, 923 F.2d 446, 448 (6th Cir. 1991). On that reasoning, a federal declaratory-judgment action does not satisfy the first *Grand Trunk* factor because the ongoing state-court litigation can reach the same issues, and the insurer can join in that litigation or can defend against an indemnity action later brought by the state-court defendant. The latter set of cases has sometimes emphasized the existence of difficult or fact-bound issues of state law awaiting resolution in the state-court litigation. *See Bituminous*, 373 F.3d at 813–14; *Omaha*, 923 F.2d at 447.

Secura raises two issues: whether the Policy is valid and whether the Policy, if valid, requires Secura to defend and indemnify the Kentucky Defendants. The Kentucky suit, however, will already require the Kentucky court to adjudicate these issues. The Kentucky suit includes a request for a declaration of rights, brought by Kentucky Defendants under Kentucky law. [DE 11-1 at 13–14, ¶¶ 49–53]. The Kentucky Defendants are seeking a declaration that the Kentucky Court "declare the parties' rights under [the Policy] with regard to the [Kentucky Plaintiff's] claims and specifically whether [the Policy] provides insurance coverage for [Kentucky Plaintiff's] claims." [*Id*. at 14, ¶ 53]. Secura has also moved for a declaratory judgment in the Kentucky suit, in which it asserts the same arguments it makes here. [*See* DE 1; DE 19-4].[3] To adjudicate the

---

[3] In similar circumstances, a court within this District determined it should abstain from discretionary jurisdiction where an identical action is pending in state court among the same parties. *See, United Specialty Ins. Co. v. Seidenfaden's LLC,* 3:16-CV-00190, 2016 WL 6078307 at *17 (W.D. Ky. Oct 13, 2016) (when "the same issues are pending in the federal court and the Jefferson Circuit Court. But the Jefferson County Circuit Court action is more comprehensive: unlike the action pending in this Court, all parties and all issues

7

issues before it, the Kentucky court will therefore need to decide the very issues Secura has asked this Court to adjudicate.

"Where a pending coercive action, filed by the natural plaintiff, would encompass all the issues in the declaratory judgment action, the policy reasons underlying the creation of the extraordinary remedy of declaratory judgment are not present, and the use of that remedy is unjustified." *AmSouth Bank v. Dale*, 386 F.3d 763, 787 (6th Cir. 2004). The first two *Grand Trunk* factors therefore counsel against exercising jurisdiction.

> 2. **Whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata.**

Next, the Court must consider "whether the use of the declaratory judgment action is motivated by 'procedural fencing' or [is] likely to create a race for res judicata." *Flowers*, 513 F.3d at 558. This factor "is meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a "natural plaintiff" and who seem to have done so for the purpose of acquiring a favorable forum.'" *Id.* (quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004)). Courts "are reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." *Id.* "A district court should not deny jurisdiction to a plaintiff who has not 'done any more than choose the jurisdiction of federal rather than state court, a choice given by Congress.'" *Id.* (quoting *State Farm Fire & Cas. Co. v. Odom*, 799 F.2d 247, 250 n.1 (6th Cir. 1986)). The Sixth Circuit generally does not find procedural fencing if the declaratory-plaintiff filed after the commencement of litigation in state court. *Cole's Place,* 936 F.3d at 386. Moreover, if there is no evidence of procedural fencing, the Sixth Circuit

---

are before the state court. The Jefferson County Circuit Court is accordingly able to provide a better more effective remedy for the parties.")

typically finds the factor "neutral" in the analysis and not pointing toward denying jurisdiction. *Id*.

Secura brought the instant declaratory action over eight months after the Kentucky Plaintiffs had sued. [DE 1; DE 11-1 at 338]. And while Secura filed the instant declaratory action before the Kentucky Defendants filed the declaratory action in Kentucky court, there are no allegations Secura knew that the Kentucky Defendants were considering filing the declaratory action in state court. There is therefore no evidence that Secura is engaged in procedural fencing, and the third *Grand Trunk* factor is neutral.

### 3. Whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction.

The fourth *Grand Trunk* factor addresses "whether accepting jurisdiction would increase friction between federal and state courts." *Flowers*, at 559. This factor is divided into three sub-parts:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
>
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common law or statutory law dictates a resolution of the declaratory judgment action.

*Id.* at 560 (citing Bituminous, 373 F.3d at 814–15).

#### a. Whether the Underlying Factual Issues are Important to an Informed Resolution of the Case.

The first sub-part "focuses on whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action." *Flowers*, 513 F.3d at 560. Secura is asking this Court to address whether the Policy covers the

liability alleged in the Kentucky suit, and whether the Policy is void. Secura is correct that the former issue is purely legal and does not require factual findings. *See Cole's Place, Inc.*, 2018 WL 1914731, at *7.

Adjudicating whether the Policy is void, however, will require determining, among other things, whether TFGBAR made "material omissions in its application for the Policy." [DE 1 at 18]. Under Kentucky law, whether an insured made omissions in its application for an insurance policy, and whether any omissions were material, are factual determinations. *See, e.g., Pharmacists Mut. Ins. Co. v. Sutton*, No. 5:07-cv-175-R, 2009 WL 1616674, at *4 (W.D. Ky. June 9, 2009) (denying a motion for summary judgment because "there is a question of fact as to whether Defendants' representations or omissions were material"). Because this issue is common to the Kentucky suit and this action, "the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action." *Flowers*, 513 F.3d at 560. The first sub-factor therefore does not support the exercise of jurisdiction.

      b.  <u>Whether the State Trial Court is in a Better Position to Evaluate Those Factual Issues than is the Federal Court.</u>

The second sub-part examines "which court, federal or state, is in a better position to resolve the issues in the declaratory action." *Id*. Generally, "Kentucky courts are in the better position to apply and interpret its law on these issues." *Travelers Indem. Co. v. Bowling Green Prof'l Assocs, PLC*, 495 F.3d 266, 272 (6th Cir. 2007). *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000). It is also appropriate for courts to consider whether state-court decisions have addressed the issue in question. *Id.* at 968–69; *see also Bituminous*, 373 F3d. at 815. Ruling on an undetermined question of state law may, of course, "increase the friction between our federal and state courts." *Id.* at 968. That said, "[t]his consideration appears to have less force when the state law is clear and when the state court is not considering the issues," such as "when an insurance

10

company '[is] not a party to the state court action, and neither the scope of insurance coverage nor the obligation to defend [is] before the state court . . . a decision by the district court on these issues would not offend principles of comity.' " *Flowers*, 513 F.3d at 560 (quoting *Northland*, 327 F.3d at 454).

The Sixth Circuit has "found that 'issues of insurance contract interpretation are questions of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve.'" *Id.* (quoting *Travelers*, 495 F.3d at 273). The questions that would arise here do not, however, involve novel issues of Kentucky law. *See Cole's Place, Inc.*, 2018 WL 1914731, at *8. The issues involve the clear application of state law and are currently being considered by a state court; the second sub-factor therefore counsels against exercising jurisdiction, even if less strongly than if the issues involved novel or unsettled questions of state law.

      c.  <u>Whether There is a Close Nexus Between Underlying Factual and Legal Issues and State Law and/or Public Policy, or Whether Federal Common or Statutory Law Dictates a Resolution of the Declaratory-Judgment Action</u>

The third sub-part "focuses on whether the issue in this federal action implicates important state policies and is, thus, more appropriately considered in state court." *Flowers*, 513 F.3d at 561. Kentucky state courts are "more familiar and, therefore, better able to resolve" interpretation of insurance contracts. *Id*. Even when the state law is not difficult to apply, the Sixth Circuit has usually found "that the interpretation of insurance contracts is closely entwined with state public policy." *Cole's Place*, 936 F.3d at 386, citing *e.g*., *Flowers*, 513 F.3d at 561 and *Travelers*, 495 F.3d at 273. Because this action involves an interpretation of a Kentucky insurance contract, the third sub-factor does not support exercising jurisdiction.

As each of the three sub-factors weights against exercising jurisdiction, the fourth *Grand Trunk* factor counsels against exercising jurisdiction.

11

### 4. Whether there is an alternative remedy which is better or more effective.

The final factor asks "whether there is an alternative remedy which is better or more effective" than federal declaratory relief. *Grand Trunk*, 746 F.2d at 326. "[I]f an alternative remedy is better or more effective," the district court should decline to exercise jurisdiction. *Id*. A better alternative may exist where "state law offers a declaratory remedy or if coverage issues can be litigated in state-court indemnity actions." *Cole's Place*, 936 F.3d at 386 (citing *Bituminous*, 373 F.3d at 816); and *Travelers*, 495 F.3d at 273. The district court's inquiry on this factor "must be fact specific, involving consideration of the whole package of options available to the federal declaratory plaintiff." *Flowers*, 513 F.3d at 562.

Not only have the Kentucky Defendants brought a declaratory action in Kentucky court, but Secura has done so as well. [DE 11-1; DE 194]. As a result, "this factor weigh[s] against federal discretionary jurisdiction." *Id.*

### 5. Balancing the Grand Trunk factors.

As noted above, the Sixth Circuit has never indicated the relative weight of the factors; instead, "[t]he relative weight of the underlying considerations of efficiency, fairness, and federalism will depend on facts of the case." *Cole's Place*, 936 F.3d at 386; citing *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014). Further,"[t]he essential question is always whether [the court] has taken a good look at the issue and engaged in a reasoned analysis of whether issuing a declaration would be useful and fair." *Id*., citing *Hoey,* 773 F.3d at 759 (citation omitted). Here, however, all but the third *Grand Trunk* factor counsel against exercising jurisdiction. This Court therefore declines to exercise jurisdiction and will GRANT the Motions to Dismiss.

While the parties argue that *Cole's Place* dictates that this Court exercise jurisdiction, the facts are distinguishable. In *Cole's Place* the insurance coverage issue did not require a factual

determination, but merely a review of the Complaint and the Policy at issue, resolving the coverage issue as a matter of law. *Cole's Place,* 936 F.3d at 386.[4] This was because the policy at issue in Cole's Place contained express language excluding "any actual, threatened or *alleged* assault of battery." *Id*. (emphasis added). Unlike *Cole's Place*, the Policy here contains no such language and determining its exclusions requires resolution of issues of fact involving representations made in the garnering of the insurance to determine whether the insurance is void. This also involves questions of Kentucky public policy not at issue in *Cole's Place*. And it may involve factual issues related to the insurance agent who, while a party to the action in state court, is not before this Court. Further, *Cole's Place* did not have competing declaratory actions filed in the state court matter, as is the case here. Here, there is a separate declaratory judgment action joining all parties already pending before the state court, and the facts here affect not only coverage, but the liability of the insureds in the state court action. Finally, unlike in *Cole's Place,* the first and second factors weigh heavily against exercise of jurisdiction, and all but the third factor weigh against jurisdiction.

C.      **Failure to Name Indispensable Parties**

Because the Court declines to exercise jurisdiction under the Declaratory Judgment Act, it need not address the argument that Secura failed to name indispensable parties.

---

[4] In *Cole's Place* the identity of the shooter was known, and factual circumstances surrounding the shooting were understood. 936 F.3d at 386. Here, the identity of the shooter is a mystery and the factual circumstances of the shooting are unknown. Thus, unlike in *Cole's Place*, the Court must determine whether facts constituting an assault and/or battery have been or will be proven. These will be the same factual determinations at issue in the state action and declaratory judgment action as part of any liability determinations.

### III. CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendants' Motions to Dismiss [DE 8; DE 12] are **GRANTED**. This matter is **DISMISSED** without prejudice and **STRICKEN** from the Court's active docket.